UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LG2, LLC, a Texas limited liability company, | Case No. 22-cv-1044 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| American Dairy Queen Corporation, a Delaware corporation, | |
| Defendant. | |

This matter is before the Court on the Motion of LG2, LLC (LG2) for Leave to File First Amended Complaint (Dkt. No. 54). The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court denies LG2's Motion for Leave to File First Amended Complaint because it is improperly brought it as a motion to amend, rather than as a motion for reconsideration, and because it is futile.

## BACKGROUND

This motion arises from a dispute between LG2 and American Dairy Queen (ADQ) regarding LG2's Dairy Queen franchise restaurant in Johnson County, Oklahoma. (Compl. ¶ 9, Dkt. No. 3.) LG2 is a Texas limited liability company owned by Jordan Giles and Terry Giles, who are residents of Texas. (*Id.* ¶ 15.) ADQ is a Delaware corporation with its principal place of business in Bloomington, Minnesota. (*Id.* ¶ 16.) The original franchise

1

agreement at issue here was executed between ADQ and Bob Denny, the original franchisee, in 1961. (*Id.* ¶ 19.) Since 1961, the rights contained in the original agreement have been assigned multiple times, most recently in 2019 from C & K Cannon Enterprises, LLC (C & K Cannon) to LG2. (*Id.* ¶¶ 31–32.)

LG2 alleges that ADQ, as part of an effort to negotiate a new agreement with terms more favorable to ADQ, has engaged in a series of behaviors aimed at undermining the original 1961 agreement that currently governs the franchisee-franchisor relationship. (*Id.* ¶¶ 10–11.) Those alleged behaviors include the ones that gave rise to this litigation, namely ADQ's efforts to condition permission for LG2 to open a restaurant at a newly purchased property on the execution of a new franchising agreement between the parties. (*Id.* ¶ 6.) In response, LG2 sued ADQ in this Court, making two substantive claims. The first is a claim for breach of contract and the implied covenant of good faith and fair dealing, and the second is a violation of the Minnesota Franchise Act (MFA), codified at Minn. Stat. § 80C.01 *et seq.* (*Id.* ¶¶ 52–73.)

On July 1, 2022, ADQ moved to transfer the matter to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a), or, in the alternative, to dismiss the second count of the complaint on the grounds that it failed to state a claim on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). (*See* Order at 2, Jan. 12, 2023, Dkt. No. 53) [hereinafter January 12 Order].) The MFA claim was dismissed on January 12, 2023 on the grounds that the sale of the franchise was outside the scope of the MFA. In dismissing the MFA claim, U.S. District Judge Wilhelmina M. Wright found that an ADQ

franchisee manual that LG2 sought to use portions of in support of its position was not before the Court because it had not been incorporated into LG2's complaint. Judge Wright therefore declined to consider the extracts from the manual. By the present motion, LG2 seeks to revive its MFA claim by amending its complaint to include more direct citations to the ADQ franchisee manual.

Judge Wright found that ADQ's role in the transaction assigning the ownership of the Dairy Queen restaurant in question (i.e., consenting to the sale from C & K Cannon to LG2) did not constitute a "sale or offer to sell" under the MFA, which in turn meant the requirements of the MFA did not apply. (*Id.* at 13.) The scope of the MFA is limited to situations in which "a sale or offer to sell is made in this state; when an offer to purchase is made and accepted In this state; or when the franchise is to be located in this state." Minn. Stat. § 80C.19, subdiv. 1. Judge Wright included in her order a footnote, which reads:

> LG2 provides as an exhibit to its opposition to ADQ's motion a copy of ADQ's System Standards and Operations Manual (the Manual). Although the Court generally cannot consider matters outside the pleadings on a motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading . . . . Because LG2 does not allege the contents of the Manual in its complaint, the Manual is not necessarily embraced by the complaint and cannot be considered by the Court.

(*Id.* at 13 n.3.) LG2 claims that this footnote indicates that Judge Wright would have allowed its MFA claim to survive ADQ's motion to dismiss if LG2 had more extensively pleaded specific sections of the Manual in its complaint. Despite its protestations to the contrary, LG2 clearly believes that Judge Wright's decision that ADQ's role in the

3

transaction did not constitute a sale under the MFA was mistaken. (Pl.'s Mem. Supp. Mot. Amend at 2, Dkt. No. 56) ("the Court mistakenly did not consider the material facts, as spelled out in [the Manual]").) ADQ argues in response that LG2's motion to amend is, in reality, a motion to reconsider that should be brought before Judge Wright and that, even if the motion to amend is proper, the proposed amendment is futile because Judge Wright's order states that a franchisor's consent to the sale of a franchise does not constitute a "sale or offer to sell" under the MFA. (Def.'s Mem. Opp'n at 6–7, Dkt. No. 65.)

## LEGAL STANDARDS

The standard for a motion to amend a pleading is found in Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The standard for a motion to reconsider is found in District of Minnesota Local Rule 7.1(j), which prohibits filing a motion to reconsider without leave of court. A party may receive permission to file a motion to reconsider only by showing "compelling circumstances." D. Minn. LR 71(j). "A motion to reconsider cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made earlier or tender new legal theories for the first time." *Eng'g & Constr. Innovations, Inc. v. Bradshaw Constr. Corp.*, No. 20-cv-0808 (WMW/TNL), 2022 WL 5249648, at *1 (D. Minn. Oct. 6, 2022). "Motions for reconsideration serve a limited function." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

4

### A. Propriety of Motion to Amend Complaint

It is the substance of a motion, not the title ascribed to it by the movant, that governs how the motion is to be received and adjudicated by the Court. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431–32 (8th Cir. 1992). Motions for reconsideration are the proper avenue to "correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman*, 839 F.2d at 414 (citing *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987)). When a motion for reconsideration is improperly cast as a motion to amend the complaint, the Court will evaluate the motion under the standard that applies to a motion to reconsider, not a motion to amend. *In re Doe ex rel. Doe v. Saint Paul Conservatory for Performing Arts*, No. 17-cv-5032 (DWF/BRT), 2018 WL 6624203, at *2 (D. Minn. Dec. 18, 2018); *Nordgren v. Hennepin Cnty.*, No. 21-cv-125 (JRT/TNL), 2022 WL 1125955, at *1 (D. Minn. Apr. 15, 2022) ("Because [Plaintiff]'s Motion is in substance a motion to reconsider filed without the Court's permission, the Court will deny the motion").

The Court may deny in its entirety a motion to reconsider presented as a motion to amend because, even if the motion were properly identified as a motion to reconsider, these motions may not be filed without leave of the Court. *See* D. Minn. LR 7.1(j).[1]

---

[1] Local Rule 7.1(j) provides in relevant part:

> Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission. A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such

5

### B. Leave to Amend a Pleading

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." But the right to amend is not absolute. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Leave to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*. (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). "The granting of such a motion is left to the discretion of the district court." *Kaufmann v. Sheehan*, 707 F.2d 355, 357 (8th Cir. 1983) (c*iting Russ v. Ratliff*, 578 F.2d 221, 224 (8th Cir. 1958)).

A proposed amendment to a complaint is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. V. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Rule 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the

---

permission. A party who opposes such a request may file and serve a letter of no more than two pages in response.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

## ANALYSIS

LG2 claims that Judge Wright "identified [a] pleading deficiency of properly submitting the 2019 Manual to the Court." (Pl.'s Reply Mem. at 5, Dkt. No. 67.) The Court does not agree with this characterization of Judge Wright's order and finds that LG2's motion to amend its complaint is substantively a motion for reconsideration, which was made without the permission of the Court as required by Local Rule 7.1(j). The Court further concludes that even if LG2's motion is a motion to amend, the motion should still be denied because the proposed amendments would be futile in reviving LG2's claims under the MFA.

**A. LG2's Motion Is Improperly Brought as a Motion to Amend the Complaint, Rather than a Motion to Reconsider.**

The Court determines how to address a motion by its substance, not its name. *BBCA, Inc.*, 954 F.2d at 1431–32. A motion to amend a complaint typically involves "a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading," and courts often deny motions to amend when the movant alleges "no new facts." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). A motion to reconsider, on the other hand is designed to "correct manifest errors of law or

7

fact." *Hagerman*, 839 F.2d at 414 (quoting *Rothwell,* 827 F.2d at 251). ADQ argues that LG2's motion to amend should be considered as an improperly made motion to reconsider, but LG2 insists that its motion is made to correct a pleading deficiency identified by Judge Wright. Given the broader context of this matter and the arguments made by each party in oral argument, the Court finds ADQ's argument more persuasive.

LG2's position on whether its proposed amended complaint alleges new facts is inconsistent. In one sentence, in its reply memorandum, LG2 both agrees with ADQ that "no new facts are being presented to the Court" and states that "new factual allegations are being presented." (Pl.'s Reply Mem. at 5.) However, LG2 acknowledges, and the record reflects, that the Manual, which LG2 asserts will revive its claim under the MFA, was attached as an exhibit to its briefing in opposition to ADQ's Motion to Dismiss or Transfer. (*See* Giles Decl. ¶ 6, Dkt. No. 26; Sealed Ex. 1, Dkt. No. 27.) The Court agrees with ADQ that LG2 alleges no new facts in its proposed amended complaint that were not at least presented to Judge Wright, and LG2 does not contend that there has been a significant change in franchise law in Minnesota or that any other relevant circumstances have changed since it filed its original complaint. Consequently, LG2's contention that its motion is properly formulated as a motion to amend its complaint is not persuasive.

This conclusion is further supported by mapping the motion (or proposed amendments) against Judge Wright's January 12 Order. Judge Wright determined that ADQ's role in the transaction assigning the ownership of the Dairy Queen restaurant in question—consenting to the sale from C & K Cannon to LG2—did not constitute a "sale

8

or offer to sell" under the MFA and that therefore the MFA did not apply. (January 12 Order at 13.) This determination, if it were to remain in effect, could eliminate a significant path to relief for LG2 and other franchisees alleging similar malfeasance by Minnesota-based franchisors. Claiming that the decision is based on a pleading deficiency could be a shrewd litigation strategy, but one that ignores the plain language of Judge Wright's order, in an effort to give LG2 a second attempt at convincing Judge Wright that the MFA could apply to Minnesota franchisors who consent to out-of-state franchise sales. Substantively, LG2's motion to amend serves as a motion to reconsider.

Local Rule 7.1(j) requires a party to receive advance permission to file a motion to reconsider from the court that issued the decision the party asks the court to reconsider. Here, LG2 is in effect seeking reconsideration of Judge Wright's order, which dismissed LG2's claim under the MFA because ADQ's consent to the assignment of C & K Cannon's rights in the Johnson County, Oklahoma franchise area did not constitute a "sale or offer to sell" under that Act. (January 12 Order at 13.) Judge Wright premised that conclusion, in part, on finding the franchisee manual not properly before her and therefore not to be considered in the court's decision-making process. LG2 neither requested nor received permission from Judge Wright to file a motion to reconsider that decision and therefore failed to follow the procedures required in Local Rule 7.1(j). This is precisely the kind of activity that Local Rule 7.1(j) seeks to prevent, and as a motion to reconsider, LG2's motion is denied.

### B. LG2's Proposed Amendments to the Complaint Are Futile.

Even if LG2's motion to amend its complaint is evaluated as a motion to amend, the proposed amendments would be futile in LG2's efforts to revive LG2's claims under the MFA. The MFA is applicable to franchise relationships only "when a sale or offer to sell is made in this state; when an offer to purchase is made and accepted in this state; or when the franchise is to be located in this state." Minn. Stat. § 80C.19, subdiv. 1. Judge Wright's order dismissing LG2's MFA claim was clear that these conditions do not include ADQ's role in the transaction between C & K Cannon and LG2 to sell the franchise in Johnson County, Oklahoma. The court very clearly stated that "a franchisor's consent to an assignment of a franchise does not constitute a sale or an offer to sell." (January 12 Order at 13.) Further eliminating any possibility of opacity in her Order, Judge Wright states, "consent to assign a franchise is insufficient to constitute a sale or offer to sell for the purposes of Section 80C.19." (*Id.* at 14.)

It is a fundamental tenet of contract law that an offer to sell or purchase something of value is valid only if the offeree has the legal authority to execute the agreement, either by virtue of the offeree's ownership or by the grant of authority by the owner. *See Mitchell v. Hawley*, 83 U.S. 544, 550 (1872) ("No one in general can sell personal property and convey a valid title to it unless he is the owner or lawfully represents the owner"). Here, ADQ had no authority to initiate the sale of the franchise, so any such "offer to sell" under the MFA must have been made by and to LG2 or C & K Cannon. To fall within the scope of the MFA, that offer must have been made in the State of Minnesota, and the proposed

amendments do not allege that LG2 or C & K Cannon or their agents were present in the State of Minnesota when any offer to purchase or sell the Johnson County, Oklahoma franchise was made. Indeed, there is nothing in the complaint or the proposed amended complaint that even raises the possibility that an agent for LG2 or C & K Cannon ever set foot in the State of Minnesota before the complaint in this matter was filed.

LG2 cannot resurrect its claim that ADQ's activities fall under the purview of the MFA simply by quoting language from the Manual. No amount of language from the Manual can change the fact that ADQ's role in the transfer of the franchise ownership from C & K Cannon to LG2 was one of consent, and under Judge Wright's January 12 Order, the provision of that consent cannot bring the sale of an Oklahoma franchise from and to franchise owners in Oklahoma and Texas under the jurisdiction of the Minnesota Franchise Act. LG2 may disagree with Judge Wright's conclusion, but it is futile to attempt to relitigate that issue simply by cutting and pasting more language from the Manual into its complaint.

Nowhere in Judge Wright's order is there any indication that she would not have dismissed LG2's MFA claim if the Manual had been attached to the complaint in the first instance. Nor did Judge Wright indicate that the MFA claim was being dismissed, but with leave to amend so that LG2 could properly make the Manual a part of the record. If Judge Wright thought that additional information could aid in a determination of whether the MFA applied in this case, she had the discretion to allow LG2 to amend its pleadings before deciding ADQ's motion to dismiss. *Benner v. Philadelphia Musical Soc., Loc. 77, of Am.*

*Fed'n of Musicians*, 32 F.R.D. 197, 199 (E.D. Pa. 1963) (requiring plaintiffs to amend a defective complaint or face dismissal). She did not do so.

## CONCLUSION

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that LG2's Motion for Leave to File First Amended Complaint (Dkt. No. 54) is **DENIED**.

Dated: April 3, 2023

*s/John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge