UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LG2, LLC,                                              Case No. 22-cv-1044 (WMW/JFD)

                Plaintiff,

                              **ORDER**

v.

American Dairy Queen Corporation,

                Defendant.

---

This matter is before the Court on Plaintiff LG2, LLC's (LG2) appeal from the April 3, 2023 Order of United States Magistrate Judge John F. Docherty, (Dkt. 80), denying LG2's motion for leave to file a first amended complaint. For the reasons addressed below, the Court affirms the April 3, 2023 Order.

## BACKGROUND

LG2 is a Texas limited liability company owned by Jordan Giles and Terry Giles, who are both residents of Texas. Defendant American Dairy Queen Corporation (ADQ) is a Delaware corporation with its principal place of business in Bloomington, Minnesota.

On March 23, 1961, ADQ entered into an agreement (the Legacy Agreement) with Bob Denny, which granted Denny the exclusive right to use the trademark and name "Dairy Queen" within Johnson County, Oklahoma (the Territory). The Legacy Agreement was assigned several times. On December 1, 2019, the current assignee, C & K Cannon Enterprises, LLC, (C & K Cannon), assigned the Legacy Agreement to LG2.

The Legacy Agreement governs the Dairy Queen franchise (the Restaurant) located in Tishomingo, Oklahoma.  The Restaurant burned down in 1989 and reopened a year later at a different location in Tishomingo.   In September 2021, LG2 purchased a property 1.5 miles away from the second location and intended to relocate the Restaurant there beginning in January 2022.  ADQ informed LG2 in November 2021 that ADQ would not permit LG2 to open the Restaurant in the new location unless LG2 entered into a new franchise agreement or reduced its menu.

LG2 commenced this action on April 25, 2022, alleging three claims.  Count I alleges breach of contract and the implied covenant of good faith and fair dealing.  Count II alleges a violation of the Minnesota Franchise Act (MFA).  Count III requests a declaratory judgment as to the ability to terminate of the Legacy Agreement.  The Court granted ADQ's motion to dismiss Count II of the complaint and denied ADQ's motion to transfer venue.

LG2 moved for leave to amend its complaint following the Order granting the partial motion to dismiss.  United States Magistrate Judge John F. Docherty denied the motion, concluding that the motion was improperly brought as a motion to amend rather than as a motion for reconsideration and, even if it were a proper motion to amend, amendment of the complaint would be futile.  LG2 appeals the magistrate judge's order.  ADQ opposes the appeal.

# ANALYSIS

## I.      The Form of LG2's Motion to Amend the Complaint

LG2 objects to the magistrate judge's ruling that LG2's motion to amend the complaint is improper because it should have been submitted to the district judge as a motion for reconsideration.  In response, ADQ argues that the magistrate judge correctly identified LG2's motion as one for reconsideration.

### A.      The Standard of Review

As a preliminary matter, the parties disagree as to the standard of review that applies to the magistrate judge's ruling.  LG2 argues that the Court should conduct a *de novo* review.  ADQ contends that the Court should defer to the magistrate judge's ruling unless the ruling is clearly erroneous or contrary to law.

A magistrate judge's ruling on a nondispositive issue will be modified or set aside only if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  This standard of review is "extremely deferential."  *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008).  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A court's decision is contrary to law when the court "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.* (internal quotation marks omitted).  The Court, therefore, reviews this aspect of the magistrate judge's order for clear error and to ensure the order is not contrary to law.

**B.      The Basis for a Motion to Reconsider**

A motion's content, not the title the parties attach to it, controls a court's handling

of the motion. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992).  This

District's Local Rule 7.1(j) prohibits filing a motion for reconsideration without leave of

court.   A party may receive permission to file a motion for reconsideration only if

"compelling circumstances" are present.  LR 7.1(j).  "Motions for reconsideration serve a

limited function: to correct manifest errors of law or fact or to present newly discovered

evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).  A motion for

reconsideration cannot be employed to repeat arguments previously made, introduce

evidence or arguments that could have been made, or tender new legal theories for the first

time. *See id.*  In contrast to a motion for reconsideration, a motion to amend a complaint

usually reflects "significant changed circumstances" in the law or facts applicable to the

case. *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).  Although

courts should freely grant leave to amend a complaint in the interest of justice, "parties

should not be allowed to amend their complaint without showing how the complaint could

be amended to save the meritless claim." *Wisdom v. First Midwest Bank of Poplar Bluff*,

167 F.3d 402, 409 (8th Cir. 1999) (citing *Ferguson v. Cape Girardeau County*, 88 F.3d

647, 651 (8th Cir. 1996)).

LG2 argues that the magistrate judge erred by concluding that the amended

complaint introduced no new facts.  The express incorporation of ADQ's Operations

Manual in the proposed amended complaint, LG2 contends, constitutes "new facts"

because the Operations Manual was not considered by the Court.  ADQ disagrees, arguing that the magistrate judge properly concluded that the Operations Manual was not a new fact.

Magistrate Judge Docherty determined that LG2's motion was an improper motion for reconsideration for two reasons.  First, LG2's arguments in support of the motion indicated that the proposed amendments were facts that had already been presented to the Court through different filings.  The motion therefore lacked, according to the magistrate judge, new facts that identify an amended complaint.  Second, LG2's arguments demonstrated that the purpose of the proposed amendments to the complaint was to challenge the Court's ruling on the legal question of liability under the MFA.

The magistrate judge's inquiry beyond the title of the motion was proper.  *See BBCA, Inc.*, 954 F.2d at 1431-32.  The magistrate judge considered the "broader context of this matter and the arguments made by each party in oral argument," (Dkt. 80 at 8), to reach his conclusion that the substance of the motion was not a motion to amend.  With that perspective, the magistrate judge determined that LG2 had not demonstrated how the proposed amendment would revive the claim dismissed by the Court.  Because the substance of the motion sought the Court's reconsideration of a previous ruling, the magistrate judge concluded that Local Rule 7.1(j) governed LG2's motion and that LG2 did not follow the procedures of that rule.  Therefore, the magistrate judge denied the motion as improper.

Because the magistrate judge's classification of the motion as one for reconsideration is not clearly erroneous or contrary to law, the April 3, 2023 Order is affirmed on this ground.

## II.     Futility of LG2's Proposed Amendment

The magistrate judge denied LG2 leave to amend its complaint because, assuming for the sake of argument that the motion was a proper motion for leave to amend, the proposed amendments would be futile.   LG2 appeals this ruling, arguing that the amendments would not be futile.   ADQ opposes the appeal.

### A.     The Standard of Review

Generally, as discussed above, a District Court will disturb a magistrate judge's ruling on a nondispositive issue only if the ruling is clearly erroneous or contrary to law. However, "when a magistrate judge denies leave to amend a pleading because the proposed amendment would be futile, the magistrate judge's ruling is reviewed *de novo*." *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 852 (D. Minn. 2018); *see also Magee v. Trs. of Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013).

### B.     Sufficiency of the Proposed Amended Pleadings

Federal Rule of Civil Procedure 15 requires the court to "freely give leave" to amend a complaint "when justice so requires."   Fed. R. Civ. P. 15(a)(2).   However, the right to amend a complaint is not "absolute or automatic."   *See U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).   A party seeking leave to amend must demonstrate that the proposed amendment "would be able to save an otherwise meritless claim." *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (quoting *Plymouth Cnty., Iowa v.*

*Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014)). A motion to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A district court has "broad discretion" when deciding whether to grant leave to amend and may deny a motion to amend the complaint when an amendment would be futile. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Futility means that the amended complaint could not withstand a motion to dismiss. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). A complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a complaint states a plausible claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

The MFA provides that its provisions "concerning sales and offers to sell shall apply when a sale or offer to sell is made in this state; when an offer to purchase is made and accepted in this state; or when the franchise is to be located in this state." Minn. Stat. § 80C.19, subdiv. 1. Under Minnesota law, "an offer to sell or to purchase is made in this state, whether or not either party is then present in this state, when the offer originates from this state or is directed by the offeror to this state and received by the offeree in this state." *Id.* § 80C.19, subdiv. 2. The MFA defines the words "sale" and "sell" to include "every contract or agreement for the sale of, and every contract to sell or dispose of, a franchise

or interest in a franchise for value." *Id.* § 80C.01. subdiv. 15.  The MFA defines "offer"

and "offer to sell" to include "every attempt to offer to dispose of, and every solicitation of

an offer to buy, a franchise or interest in a franchise for value." *Id.*  § 80C.01, subdiv. 16.

This Court dismissed LG2's claim alleging a violation of the MFA, ruling that "a

franchisor's consent to an assignment of a franchise does not constitute a sale or an offer

to sell" and that the complaint, therefore, failed to state a claim on which relief could be

granted.  Dkt. 53, *LG2, LLC v. American Dairy Queen Corporation*, No 22-cv-1044

(WMW/JFD) at 13 (D. Minn. Jan. 12, 2023).

LG2 objects to the magistrate judge's ruling that the proposed amendments would

be futile, arguing that incorporating the Operations Manual into the complaint would revive

LG2's MFA claim.  LG2 argues that, as a result of the amendment, it now pleads more

specific facts about ADQ's role in consenting to the franchise assignment from ADQ's

headquarters in Minnesota and LG2 now pleads that the assignment became effective upon

ADQ's signature.  In opposition, ADQ argues that the proposed amendment would not

alter the Court's conclusion in response to an earlier motion to dismiss that ADQ's conduct

did not constitute a sale or offer to sell under the MFA.

This Court dismissed the MFA claim because there were no allegations that ADQ

sold or offered to sell the franchise, as required by the MFA.  *See* Minn. Stat. § 80C.01,

subdivs. 15, 16 (defining the terms "sale," "sell," "offer" and "offer to sell").   LG2's

proposed amendments provide more details about the alleged conduct of ADQ in

consenting to the assignment of the franchise.  But the proposed amendments do not resolve

the legal deficiency the Court identified when dismissing the MFA claim.  To survive a

motion to dismiss, LG2's amended complaint must plead that ADQ sold or offered to sell the franchise. *See Zutz*, 601 F.3d at 850. The proposed amendments do not plead these facts. For this reason, the proposed amendments would not withstand a motion to dismiss and are futile. The Court, therefore, affirms the April 3, 2023 Order.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the April 3, 2023 Order of United States Magistrate Judge John F. Docherty, (Dkt. 80), is **AFFIRMED**.

Dated: September 13, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge